**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HAND UP MINISTRIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CIV-23-1009-SLP |
| v. | ) | |
| | ) | |
| U.S. SMALL BUSINESS ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the Motion to Dismiss with Brief in Support [Doc. No. 10] filed by Defendant U.S. Small Business Administration ("SBA"). Plaintiff Hand Up Ministries, Inc. filed a response, *see* [Doc. No. 10], to which the SBA replied, *see* [Doc. No. 12]. For the following reasons, the Motion is GRANTED.

## I. Background[1]

Plaintiff Hand Up Ministries, Inc. is an Oklahoma-based company. At some point prior to January 5, 2022, someone fraudulently used Plaintiff's information to apply for a $500,000 Economic Injury Disaster Loan ("EIDL"). Plaintiff contacted the SBA after receiving a repayment reminder. Plaintiff explained that it neither applied for the loan nor collected any EIDL funds. The SBA gave Plaintiff information on how to report identity theft related to the EIDL loan, and Plaintiff began that process. Plaintiff eventually requested "information to determine who made this loan, where the funds were deposited,

[1] Unless otherwise noted, the following facts are taken from Plaintiff's Complaint [Doc. No. 1].

and any other details that may help them learn who was involved and how this loan was created in their name." [Doc. No. 1] ¶ 11.

Before the SBA completed its investigation into the fraudulent loan, Plaintiff filed the instant lawsuit. As set forth in the Complaint, Plaintiff seeks (1) an order "enjoin[ing] the Defendant from requesting or forcing repaying of this alleged loan by Plaintiff," *id.* ¶ 15; (2) an order requiring the SBA "to expeditiously provide Plaintiff with the details and information of this alleged loan so that Plaintiff may perform and complete [its] own internal investigation," *id.* ¶ 18, and; (3) a declaratory judgment confirming the loan is void and preventing the SBA from "tak[ing] any further action against Plaintiff to collect repaying of this alleged loan, or initiat[ing] any negative credit reporting and adverse actions on Plaintiff as a result of this fraudulent loan," *id.* ¶¶ 24–25.

After Plaintiff filed its Complaint, the SBA "determined that [Plaintiff's officer] neither applied for this loan nor received any benefit from the fraudulent loan application." [Doc. No. 10-1] at 1.[2] The SBA then "notified [Plaintiff's officer] that it would take action to disassociate the loan from his identity and that of his business and would not take any action to collect this loan from him or his business." *Id.* Plaintiff declined to voluntarily dismiss the action, *see* [Doc. No. 10] at 2 n.2, so the SBA moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The SBA claims the Court lacks jurisdiction because (1) Plaintiff has not established a valid waiver of sovereign immunity, and (2)

[2] As explained below, the Court may consider the Declaration of Rebecca S. Raye [Doc. No. 10-1] without converting the Motion to Dismiss into a summary judgment motion.

Plaintiff's claims are moot.

## II. Governing Standard

The SBA moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[3] Federal courts are courts of limited jurisdiction, so they "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). To avoid dismissal under Rule 12(b)(1), the party invoking jurisdiction—here, the Plaintiff—bears "the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797–98 (10th Cir. 2002) (quotation marks and citation omitted). This burden must be met by a preponderance of the evidence. *Id.* at 797.

The party seeking dismissal may advance either a facial or factual attack. A facial attack challenges the sufficiency of the complaint's allegations and requires the Court to "accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). A factual attack, on the other hand, "may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* at 1003. A factual attack gives the Court "'wide discretion to allow

---

[3] In its Response, Plaintiff erroneously cites the legal standard under Federal Rule of Civil Procedure 12(b)(6). *See* [Doc. No. 11] at 2, 6–7. Because the SBA does not move for dismissal for failure to state a claim, the Rule 12(b)(6) standard is inapposite.

affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts'" without "convert[ing] the motion into a Rule 56 motion." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt*, 46 F.3d at 1003). When analyzing a factual attack, the Court does "not presume the truthfulness of the complaint's factual allegations." *Holt*, 46 F.3d at 1003.

## III. <u>Discussion</u>

### *a. Mootness*

The SBA claims this action is moot because the parties agree Plaintiff is not responsible for the fraudulent EDIL loan. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (quoting *Disability L. Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005)). Even if there was "an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (quoting 15 James W. Moore & Martin H. Redish, *Moore's Federal Practice* § 101.90, at 101–237 (3d ed. 2010)). Because the SBA's mootness argument advances a factual attack on the Court's subject matter jurisdiction, the Court may consider evidence outside the Complaint without converting the Motion to Dismiss into a Rule 56 motion. *Cf. Davis v. Schmidt*, No. 5:18-CV-03107-HLT, 2021 WL 956524, at *3 (D. Kan. Feb. 26, 2021), *aff'd*, No. 21-3050, 2021 WL 6102096 (10th Cir. Dec. 23, 2021).

The SBA argues that Plaintiff's requests to "(1) have the Court enjoin SBA from

requesting or forcing repayment of the loan, and (2) declare that Plaintiff is free from any and all obligations associated with the loan" are both moot. *Id.* at 9. Plaintiff appears to concede these points, claiming the SBA "has [] addressed some, but not all, of the Plaintiff's claims and harms." [Doc. No. 11] at 7 (emphasis in original).

The Court agrees that these two requests are moot. Plaintiff's Complaint asks the Court "to enjoin the Defendant from requesting or forcing repaying of this alleged loan by Plaintiff." [Doc. No. 1] ¶ 15. The SBA has submitted a sworn declaration that it will "not take any action to collect this loan from [Plaintiff's officer] or his business." [Doc. No. 10-1] at 1. Accordingly, there is no longer a live controversy with respect to this claim.

Similarly, Plaintiff asks the Court to enter a declaratory judgment "confirming the loan is void and preventing the SBA from "tak[ing] any further action against Plaintiff to collect repaying of this alleged loan, or initiat[ing] any negative credit reporting and adverse actions on Plaintiff as a result of this fraudulent loan." [Doc. No. 1] ¶¶ 24–25. The SBA has presented evidence that it does not intend to seek repayment from Plaintiff, and that it will "take action to disassociate the loan from [Plaintiff's officer's] identity and that of his business." [Doc. No 10-1] at 3. Because the Court's ruling would have no real-world effect, this issue is also moot. *See Schell v. OXY USA Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016) ("In the declaratory-judgment context, the mootness inquiry looks to whether the requested relief will actually alter the future conduct of the named parties.").

Plaintiff contends its final request for injunctive relief—an order requiring the SBA "to expeditiously provide Plaintiff with the details and information of this alleged loan" [Doc. No. 1] ¶ 18—is still a live controversy because the SBA has clarified that it will not

provide this information. *See* [Doc. No. 11] at 7–8. Because this final request is subject to dismissal under the doctrine of sovereign immunity, however, the Court need not decide whether it is also moot.

***b. Sovereign Immunity***

"The United States is immune from suit unless it has consented to be sued 'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hart v. Dep't of Lab. ex rel. U.S.*, 116 F.3d 1338, 1339 (10th Cir. 1997) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1236 (10th Cir. 2010) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Plaintiff argues that the "sue-and-be-sued" clause of the SBA's enabling statute waives sovereign immunity in this case. That statute provides:

> In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the [SBA] Administrator may . . . sue and be sued . . . in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property.

15 U.S.C. § 634(b)(1). "[S]ue-and-be-sued clauses are 'liberally construed,'" but "it is not [the Court's] right to extend the waiver of sovereign immunity more broadly than has been directed by Congress." *Imaginarium LLC v. U.S. Small Bus. Admin.*, 618 F. Supp. 3d 1225,

1229–30 (D. Utah 2022) (first quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); and then quoting *United States v. Shaw*, 309 U.S. 495, 502 (1940)) (second alteration in original).

Section 634(b)(1) excludes "injunction[s]" from its scope. And, as previously explained, Plaintiff's only remaining claim seeks injunctive relief. *See* Compl. [Doc. No. 1] ¶ 18. Although Plaintiff concedes "[c]laims for injunction against the S.B.A. are seemingly disallowed under §634 (b)(1)," it argues that "this is a unique case." [Doc. No. 11] at 5. Plaintiff elaborates that "[i]t is a very serious federal issue when the S.B.A claims they are owed $500,000.00 and they do not substantiate their documentation or respond to the Plaintiff until a lawsuit is filed." *Id.* at 6. But Plaintiff provides no *legal authority* suggesting these facts permit departure from the plain language of § 634 (b)(1).[4]

Plaintiff's remaining arguments are similarly unavailing with respect to the waiver of sovereign immunity. Plaintiff makes a fleeting reference to the Administrative Procedure Act, 5 U.S.C. § 702, arguing it constitutes a limited waiver of sovereign immunity. *See* [Doc. No. 11] at 3. But the APA's limited "waiver does not apply where any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290,

[4] Plaintiff's Response includes the following language in a footnote: "The Plaintiff is not seeking to direct the SBA to grant [it] a loan through an injunction, it was pled as trying to have the SBA explain how the Plaintiff was liable to the SBA. If the Court does not appreciate that nuance, then Plaintiff would ask for leave to amend [its] claims to re-cast [its] injunction claim to one more germane." [Doc. No. 11] at 5 n.1. Setting aside the fact that this is not a proper request for leave to amend, *see* LCvR 7.1(c), 15.1, the plain language of the statute prohibits the Court from enjoining the SBA administrator. Thus, any attempt to amend the Complaint to include a "more germane" request for injunction would be futile.

1295 (10th Cir. 2009) (quoting *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006)). And, as the SBA points out, "Congress has explicitly declined to waive immunity as to injunctions against the SBA Administrator or his property." [Doc. No. 12] at 4 (citing 15 U.S.C. § 634(b)(1)).

In its Complaint, Plaintiff claims this Court has jurisdiction "under The CARES Act, 15 U.S.C. 9009 and 28 U.S.C. § 1331 as this matter presents a federal question under the Act; and The Declaratory Judgment Act under 28 U.S.C. §§ 2201 and 2202." [Doc. No. 1] ¶ 4 (punctuation and capitalization in original). But none of these three purported bases of jurisdiction waive sovereign immunity. It is well-established that statutes conferring general jurisdiction, like § 1331, do not waive sovereign immunity. *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992). Similarly, the Declaratory Judgment Act does not itself function as a waiver of sovereign immunity. *Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 822 (10th Cir. 1981) ("It is settled that 28 U.S.C. [§] 2201 does not itself confer jurisdiction on a federal court where none otherwise exists."). Finally, 15 U.S.C. § 9009 is the section of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act addressing EIDL grants. In its Response, Plaintiff quotes the portion of the statute establishing a ten-year statute of limitations for "any criminal charge or civil enforcement action alleging that a borrower engaged in fraud," 15 U.S.C. § 9009(e)(9), but fails to explain how this provision waives sovereign immunity. Thus, Plaintiff has failed to demonstrate that § 1346(a)(2) confers jurisdiction in these circumstances. *See James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992) ("The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived.").

In its Response, Plaintiff cites 28 U.S.C. § 1346(a)(2), which grants district courts concurrent jurisdiction over any "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." Plaintiff reasons: "Here some contract and application for the EIDL loan is seemingly both express and implied." [Doc. No. 11] at 3. But, as the SBA explains, Plaintiff did not apply for the EIDL loan, so it is not a party to any contract with the United States. Even if it was, the value of the loan—$500,000—far exceeds the $10,000 limit set forth in § 1346(a)(2). Thus, Plaintiff has not established a waiver of sovereign immunity pursuant to § 1346(a)(2).

Finally, Plaintiff claims "[t]he application and distribution of federal funds can be [a] valid express waiver of immunity." [Doc. No. 11] at 3. But Plaintiff cites cases that stand for the propositions that *states* may waive their sovereign immunity by accepting federal funds. *See, e.g.*, *Robinson v. Kansas*, 295 F.3d 1183, 1190 (10th Cir. 2002) ("[B]y accepting federal financial assistance as specified in 42 U.S.C. § 2000d–7, states and state entities waive sovereign immunity from suit."); *Brockman v. Wyo. Dep't of Fam. Servs.*, 342 F.3d 1159, 1168 (10th Cir. 2003) ("[B]y accepting Rehabilitation Act monies, the State of Wyoming has made itself amenable to suit."). None of Plaintiff's cited authorities support the contention that *federal agencies* waive sovereign immunity by accepting federal funds. Thus, Plaintiff's final claim is subject to dismissal pursuant to Rule 12(b)(1).

## IV. Conclusion

IT IS THEREFORE ORDERED that the SBA's Motion to Dismiss with Brief in Support [Doc. No. 10] is GRANTED. This action is DISMISSED without prejudice.

IT IS SO ORDERED this 9th day of April, 2024.

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**